UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIDDLETON MIXOLOGY LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE PARTNERSHIPS AND )<br>UNINCORPORATED ASSOCIATIONS )<br>IDENTIFIED ON SCHEDULE A, )<br>)<br>Defendants. ) | Case No. 24-cv-12287<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Middleton Mixology LLC ("Middleton" or "Plaintiff"), by and through its attorneys, hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, internet e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores

---

[1] URL links of these e-commerce defendant internet stores are listed on Schedule A hereto.

1

that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products featuring Plaintiff's patented design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

**INTRODUCTION**

3. This action has been filed by Middleton to combat online infringers who trade upon Middleton's patented design by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the same unauthorized and unlicensed product, namely the smoker products ("the Infringing Products"), that infringe Plaintiff's United States Patent No. 11,871,769 ("the '769 Patent"). Plaintiff has filed this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

**JOINDER**

4. Joinder in patent cases is governed by 35 U.S.C. § 299, which allows joinder if: (1) relief relates to the offering for sale or selling of the same accused product or process; and (2) questions of fact common to all defendants will arise in the action. *See* 35 U.S.C. § 299(a).

5. "[D]eciding whether a product is the 'same' for purposes of joinder under § 299 entails applying a less exacting standard than simply looking to whether a defendant's product is literally identical to the product it allegedly copies." *Aquapaw Brands LLC v. Flopet*, No. 2:21-cv-00988-CCW, 2022 U.S. Dist. LEXIS 134797, at *6 (W.D. Pa. July 29, 2022) (*citing In re Apple Inc.*, 650 F. App'x 771, 774 (Fed. Cir. 2015)). Instead, the question is whether "the products are the same in all respects relevant to the patent." *Id.*; see also, *SitePro, Inc. v. WaterBridge Res., LLC*, No. 6:23-cv-00115-ADA-DTG, 2024 U.S. Dist. LEXIS 72523, at *13 (W.D. Tex. Apr. 22, 2024) (not requiring the products to be literally identical to satisfy the requirements of 35 U.S.C. § 299(a)).

6. Here, this is not a case where joinder is sought based solely on allegations that each defendant has infringed the same patent. Instead, the accused products have components that are the same as one another and function the same in all respects relevant to the '769 Patent. Schedule A-1 enclosed herewith shows each of the accused products and annotates the body member, the insert, and the through bore that are required by claim 8 of the '769 Patent. This illustrates that the Defendants (and the accused products) have been properly joined under 35 U.S.C. § 299(a).

7. Further, Defendants attempt to avoid and mitigate liability by operating under one or more Defendant Internet Stores to conceal both their identities and the full scope and interworking of their operation. Defendants' e-commerce stores are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. The infringement is happening at the same time with overlap of the products' manufacture, this case involves a claim for lost profits, and the Defendant e-commerce stores share unique identifiers, product images, and product descriptions; this collectively establishes a logical relationship between Defendants, such that that Defendants' operation arises

out of the same transaction, occurrence, or series of transactions or occurrences, and discovery will show further relationships among Defendants.

## PARTIES

8. Plaintiff Middleton is a Florida limited liability company having an address at 450 Alaskan Way S., Suite 200, Seattle, WA 98104.

9. Middleton has been engaged in the business of designing, sourcing, and marketing smoker products ("Middleton Products"). Middleton Products can be purchased from e-commerce platforms, such as Amazon.com, as well as from retailers and/or resellers selling Middleton Products. Since at least 2000, Middleton, on its own and/or via retailers, resellers, and/or importers, has marketed, advertised, promoted, imported, and/or sold Middleton Products to consumers in the United States.

10. Middleton's smoker products are loved by customers at least because of the unique patented design claimed in the '769 Patent.

11. As recorded with the U.S. Patent Office at reel 065126, frame 0924, Middleton is the lawful assignee of all right, title, and interest in and to United States Patent No. 11,871,769 ("the '769 Patent"), entitled Modular Smoker. The '769 Patent was duly and legally issued on January 16, 2024. Attached as Exhibit 1 is a true and accurate copy of the '769 Patent.

12. At all times relevant, Middleton complied with the federal patent marking statute, 35 U.S.C. § 287(a).

13. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Defendant Internet Stores identified on Schedule A and/or other Defendant Internet Stores not yet known to Plaintiff. On

4

information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

14. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Defendant Internet Stores listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## **DEFENDANTS' UNLAWFUL CONDUCT**

15. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents of Illinois. Schedule A-2 enclosed herewith includes a screenshot of each Defendant offering to sell the Infringing Products into Illinois.

16. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online marketplaces and user accounts. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration

5

patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

17. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores demonstrating a series of interrelated acts of infringement. The Defendant Internet Stores are believed to include notable common features beyond selling the exact same Infringing Products, including use of the same or similar product images and text, lack of contact information, and identically or similarly priced items.

18. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

19. On information and belief, e-commerce store operators like Defendants are also in constant communication with each other and regularly participate in WeChat groups and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

20. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of plaintiffs' enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

6

21. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use, products that infringe directly and/or indirectly the '769 Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

22. Defendants' infringement of the '769 Patent in the offering to sell, selling, and/or importing of the Infringing Products is and has been willful.

23. Defendants' infringement of the '769 Patent in connection with the offering to sell, selling, and/or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I

(Infringement of the '769 Patent)

24. Plaintiff repeats and realleges each of the preceding paragraphs as though fully set forth herein.

25. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and/or sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences.

26. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully, offered for sale, sold, and/or imported into the United States for subsequent resale or use the product that infringes directly and/or indirectly the '769 Patent.

27. Specifically, Defendants have infringed and continue to infringe at least claim 8 of the '769 Patent by making, using, importing, selling, and/or offering to sell their Infringing Products in the United States without authorization or license from Plaintiffs.

28. Defendants have profited by their infringement of the '769 Patent, and Plaintiffs have suffered actual harm as a result of Defendants' infringement.

29. Defendants have infringed the '769 Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

30. Plaintiff is entitled to recover damages adequate to compensate for the infringement as appropriate pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Middleton requests judgement against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from: (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product; (2) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product; and (3) effecting assignment or transfer, forming new entities or

associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in (1) and (2);

  B. Entry of an Order that, upon Middleton's request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, AliExpress, Alibaba, Temu, Walmart, Target, and other websites (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Product;

  C. That Middleton be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Middleton for Defendants' infringement of the '769 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

  D. That the amount of damages awarded to Middleton to compensate Middleton for infringement of the '769 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

  E. That Middleton be awarded its reasonable attorneys' fees and costs; and

  F. Award any and all other relief that this Court deems just and proper.

Dated: November 30, 2024 　　　　　　　　　　Respectfully Submitted,

*/s/*  
Allen Justin Poplin, NDIL 21598  
**AVEK IP, LLC**  
7285 W. 132nd Street, Suite 340  
Overland Park, KS 66213  
Phone: 913-303-3841  
Fax: 913-549-4646  
jpoplin@avekip.com  
*Attorney for Plaintiff*

## **VERIFICATION**

I, James Dean Middleton, hereby declare and state that:

1. I am an owner of Middleton Mixology LLC ("Middleton" or "Plaintiff"). As such, I am authorized to make this verification on behalf of Middleton.

2. Middleton Mixology LLC is the lawful assignee of all right, title, and interest in and to United States Patent No. 11,871,769 ("the '769 Patent"), entitled Modular Smoker. The '769 Patent was issued on January 16, 2024.

3. I have read the forgoing verified complaint, and based on my personal knowledge, the factual allegations contained in the forgoing verified complaint are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November __25__, 2024

*James Middleton*
James Dean Middleton