THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIDDLETON MIXOLOGY LLC., | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 24 12287 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Shenzhan Huazhi Technology Co.'s Motion to Dismiss. (Dkt. 34). Middleton filed suit against HzSane and twenty other Chinese e-commerce vendors for allegedly infringing on the '769 Patent by selling products in the United States with similar design features to the Modular Smoker. (*Id.* ¶¶ 15–23). Following the Court's issuance of a Temporary Restraining Order, (Dkt. 15), HzSane moved to dismiss the case for lack of personal jurisdiction. For the foregoing reasons, the Court denies HzSane's Motion [34] without prejudice.

## BACKGROUND

Plaintiff Middleton Mixology L.L.C. and Shenzhen Huazhi Technology Co. ("HzSane") sell "smokers"—devices that infuse a smoky flavor into food and beverages. (Dkt. 1 ¶¶ 8–14). United States Patent No. 11,871,769 ('769 Patent) gives Middleton exclusive rights to make, distribute, and sell its smoker design, the Modular Smoker, in the United States. (*Id.*).

Middleton is a Florida L.C.C. with a mailing address in Seattle, Washington. (Dkt. 1 ¶ 8). Middleton designs, sources, markets, and sells smoker products through retailers and various e-commerce websites. (*Id.* ¶ 9). Defendant HzSane is domiciled and incorporated in China. (Dkt. 34

1

at 3). Middleton alleges that the Defendant class, including HzSane, sell smokers in the United States that infringe on the design specifications protected by Middleton's '796 Patent. (Dkt. 1 ¶¶ 15–23). Defendants allegedly use numerous accounts on multiple e-commerce sites to market and sell the product. (*Id.* ¶¶ 15–17).

On November 30, 2024, Middleton filed a Complaint asserting a patent infringement claim under 28 U.S.C. § 281 against the Defendant class and moved for a TRO. (*See id.* ¶¶ 24–30; Dkt. 5). The Complaint alleged that HzSane's e-commerce site offered shipping to the United States, including Illinois, and accepted payment in U.S. dollars and through funds from U.S. bank accounts. (Dkt. 1 ¶ 2). Middleton also attached a screenshot of HzSane's website, in which HzSane offers to ship its products to Schaumburg, Illinois. (Dkt. 1-3 at 1, Exhibit 3). The Complaint also alleges that: "On information and belief, [HzSane] sold products featuring [Middleton's] patented design to residents of Illinois." (Dkt. 1 ¶ 2).

On December 10, 2024, the Court issued a TRO, which prohibited the future sales and marketing of the allegedly infringing product. (Dkt. 41-1 at 1). The TRO also allowed Middleton to seek limited discovery from Amazon.com and other third-party marketplace platforms. (*Id.*) HzSane filed a Motion to Dismiss for lack of personal jurisdiction and to dissolve the TRO. (Dkt. 34). In its Motion, HzSane did not dispute the facts relating to personal jurisdiction alleged by Middleton but instead argued that Middleton's factual allegations were conclusory and insufficient. (*Id*. at 3–5).

## <u>LEGAL STANDARD</u>

The plaintiff bears the burden of demonstrating personal jurisdiction when challenged. *See in re Sheehan*, 48 F.4th 513, 520 (7th Cir. 2022). When a court rules on a defendant's motion to dismiss based on written submission, the plaintiff only needs to establish a *prima facie* case of

personal jurisdiction. *See Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In this posture, the plaintiff is "entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record" and the Court "accept[s] as true all well-pleaded "facts alleged in the complaint[.]" *Id.*; *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012); *see also Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010) ("Where the plaintiff's factual allegations are not directly controverted, they are taken as true for purposes of determining jurisdiction.") (cleaned up).

The Court reviews the entire record drawing all inferences in the plaintiff's favor. *B.D. ex rel Myer v. Samsung SDI Co.*, 91 F.4th 856, 864 (7th Cir. 2024). The Court must keep in mind that without discovery "it is not surprising that [the plaintiff] can do little more than suggest that [a defendant] currently has minimum contacts." *Id.* (quoting *Cent. States, Se. & Sw. Areas Pension Fund. v. Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006).

Though federal Circuit law governs personal jurisdiction in patent law cases, *New World Int'l, Inc. v. Ford Glob. Techs., LLC,* 859 F.3d 1032, 1037 (Fed. Cir. 2017), the forum circuit governs procedural issues that are not unique to patent law. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1561 (Fed. Cir. 1994). This means that Seventh Circuit law governs procedural questions such as evidentiary sufficiency and the burden of proof. *See Ticketreserve, Inc. v. Viagoro, Inc.*, 656 F. Supp. 2d 775, 781 (N.D. Ill. 2009) (Kendall, C.J.).

## DISCUSSION

The Court may exercise personal jurisdiction over a defendant when two conditions are met: (i) the forum state's long-arm statute authorizes jurisdiction and (ii) asserting personal jurisdiction over the defendant complies with the due process limitations of the U.S. Constitution.

*Med. Sols., Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1139 (Fed. Cir. 2008); *see* Fed. R. Civ.
P. 4(k)(1)(A).

Illinois's long-arm statute permits jurisdiction on any basis consistent with the Illinois and
U.S. Constitution. 735 ILCS 5/2-209(c). In cases in which a defendant does not make an Illinois
constitutional argument, the Illinois supreme court only analyzes federal due process constraints.
*Rios v. Bayer Corp.*, 2020 IL 125020, ¶ 17 (Ill., 2020). Because HzSane did not make an argument
based on the Illinois constitution, the Court need only consider the federal limits. Consequently,
the Court's analysis turns on a single question: is asserting personal jurisdiction consistent with
federal due process? *See Nuance Commc'ns*, 626 F.3d at 1230–31.

Asserting personal jurisdiction is constitutional when the defendant has "minimum
contacts with [the forum state] such that the maintenance of the suit does not offend traditional
notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)
(citations omitted). Personal jurisdiction takes two forms: general and specific. *Daimler AG v.
Bauman*, 571 U.S. 117, 122 (2014). Middleton only argues that HzSane is subject to specific
jurisdiction in Illinois. (*see* Dkt. 41 at 2).

To assess specific jurisdiction, the Court asks "whether (1) the defendant purposefully
directed its activities at residents of the forum; (2) the claim arises out of or relates to the
defendant's activities with the forum; and (3) assertion of personal jurisdiction is reasonable and
fair." *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1000 (Fed. Cir. 2018). The
plaintiff bears the burden for the first two prongs of the analysis; for the third prong, "the
burden . . . shifts to the defendant to 'present a compelling case that the presence of some other
considerations would render jurisdiction unreasonable.' " *Id.* (quoting *Burger King Corp. v.
Rudzewicz*, 471 U.S. 462, 477 (1985)). Moreover, in patent infringement cases "the jurisdictional

4

inquiry is *relatively easily* discerned" from the nature and extent of the defendant's commercialization of the allegedly infringing products in the forum state. *M-I Drilling Fluid*, 890 F.3d at 1001 (quoting *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir 2008)).

## I. Middleton's Burden

For the first prong, a plaintiff can show a defendant directed its activities at the forum's residents by demonstrating that the defendant purposefully sold its allegedly infringing product to the forum's residents. *See Nuance Commc'ns*, 626 F.3d at 1234 (finding purposeful availment when the allegedly infringing products were imported into the forum state and sold through a distribution chain); *Beverly Hills Fan*, 21 F.3d at 1565. " '[E]ven a single contact with a forum state' " may satisfy personal jurisdiction if it directly and substantially relates to the claim. *M-I Drilling Fluids*, 890 F.3d at 1001 (quoting *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998)).

Both parties agree that if HzSane sold the allegedly infringing product in Illinois, HzSane would be subject to the Court's jurisdiction. (*see* Dkt. 34 at 5; Dkt. 41 at 2). The central dispute is whether Middleton has sufficiently made out a *prima facie* case by establishing that HzSane did, in fact, sell the products in Illinois.

Accepting all facts in the Complaint as true, as the Court is required to do at this stage, Middleton has established that HzSane sold the products in Illinois; Middleton has, therefore, met its burden. *Clifton*, 682 F.3d at 672. Middleton's Complaint provides a factual basis for its allegation that HzSane targeted its business activities toward Illinois residents. (Dkt. 1 at ¶ 7). Middleton states that HzSane operated an e-commerce store that offered shipping into Illinois, accepted U.S. dollars, and sold the allegedly infringing products to the residents of Illinois. (*Id.* at

¶ 15). While this alone would be sufficient to establish a *prima facie* case for purposeful availment, Middleton's Complaint goes even further.

In its Complaint, Middleton also attached a screenshot, which displayed an offer on HzSane's website to ship the allegedly infringing product to Illinois. (Dkt. 1-3 at 1). Further, Middleton swore in a Declaration that HzSane sold 65,435 units of the allegedly infringing smoker to Amazon. (Dkt. 41-1 at 1, Declaration of Allen Justin Pope). While these two facts by themselves do not conclusively demonstrate that HzSane sold products to Illinois residents, the Court is required to evaluate the entire record, drawing inferences in Middleton's favor. *Felland*, 682 F.3d at 672. And the Court recognizes that "without discovery," Middleton "can do little more than suggest that [HzSane] "currently has minimum contacts." *B.D. ex rel Myer*, 91 F.4th at 864 (cleaned up). With that in mind, it is reasonable to infer that at least one of the 65,435 smokers was sold to an Illinois resident. *Id*. After all, the website allegedly offered shipping to Illinois and accepted U.S. dollars. By alleging these facts, Middleton has established that HzSane sold an allegedly infringing product to Illinois residents.

To satisfy specific jurisdiction's second prong, Middleton must show that its claim arises out of or relates to HzSane's activities with the forum state. *M-I Drilling Fluids*, 890 F.3d at 1000; *see also Beverly Hills Fan*, 21 F.3d at 1565. Even just one instance of a defendant's patent infringement gives rise to a cause of action. 28 U.S.C. § 271(a). Because Middleton's claims are based on allegations that HzSane sold an infringing product to Illinois residents, Middleton's cause of action arises under alleged contact with the forum state (i.e., sales to Illinois residents). Middleton has, therefore, met its burden and satisfied the second prong.

HzSane objects to the Court considering Middleton's allegations that (i) "on information and belief, HzSane [has] sold Infringing Products to residents of Illinois" and (ii) HzSane sold

65,435 infringing smokers. (Dkt. 44 at 3). First, HzSane argues that the statement: "on information and belief, [HzSane has] sold infringing products to residents of Illinois" is conclusory and should be disregarded by the Court.

This argument fails because Middleton's claims are not conclusory. In the landmark case, *Ashcroft v. Iqbal*, the Supreme Court articulated the principle that conclusory allegations are not entitled to an assumption of truth. 556 U.S. 662, 681 (2009). Conclusory allegations are those that "amount to nothing more than a 'formulaic recitation of the elements.' " *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To be non-conclusory, an allegation must give a defendant notice of the claims for relief and show the claims are substantively plausible. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 517 (7th Cir. 2015). Middleton's statement is not conclusory because Middleton does not merely recite the elements of personal jurisdiction. For example, it does not say, "HzSane purposefully availed itself to Illinois." Instead, the Complaint alleges a fact that gives HzSane sufficient notice of why Middleton believes HzSane is subject to this Court's jurisdiction. It alleges HzSane set up e-commerce stores, which sold products in Illinois. (Dkt. 1 ¶ 15; Dkt. 41-1 at 1). Because Middleton's allegations are not conclusory, the Court must accept its statements as true. *See Purdue Rsch. Found.*, 338 F.3d at 782.

HzSane cites two cases to support its argument, but neither is persuasive. In *Unicolors, Inc. v. Sherwin Flagship Shops*, a patent infringement case, the plaintiff alleged in its initial complaint "on information and belief" that the defendant sold infringing products to Illinois residents. Complaint at 3, 2024 WL 4567268 (N.D. Ill. Oct. 24, 2024). Unlike in this case, in *Unicolors*, the defendant conceded its allegation was conclusory. 2024 WL 467268, at *6. Here, on the contrary,

Middleton made the argument that HzSane sold the allegedly infringing product in Illinois. (Dkt. 41 at 2). This fact distinguishes *Unicolors* from this case.

Further, courts can take facts alleged "on information and belief" as true. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013) (recognizing the practice of pleading "on information and belief" and putting restrictions on it in the context of fraud cases); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) (recognizing that Fed. R. Civ. P. 11(b)(3) permits pleading on information and belief). Thus, even if *Unicolors* were similar to this case, which it is not, it would not require the Court to dispose of Middleton's allegations as conclusory.

The second case HzSane relies on is also unconvincing. In *Rubik's Brand, Ltd. v. Partnerships & Unincorporated Ass'ns Identified on Schedule A*, the plaintiffs alleged "on information and belief" that the defendant made sales in Illinois, which defendant disputed with specific evidence. No. 20-CV-5338, 2021 WL 825668, at *2 (N.D. Ill. Mar. 4, 2021). This changed the nature of the inquiry into an "evidentiary dispute[.]" *Id.*

Here, unlike in *Rubik's Brand*, HzSane has not alleged contrary facts or presented evidence contradicting Middleton's allegations. Because there is no dispute over facts, the Court's inquiry only asks whether Middleton made a *prima facie* case for personal jurisdiction, and the Court must accept as true all well-pleaded facts in Middleton's Complaint. *See Purdue Rsch. Found.*, 338 F.3d at 782. In this posture, we must accept as true that HzSane sold infringing products to Illinois residents, and that alone satisfies Middleton's burden.

HzSane also objects to the Court considering the Declaration swearing that HzSane sold 65,435 allegedly infringing smokers. (Dkt. 41-1). HzSane argues that the evidence should be

excluded because it was "improperly obtained" through a TRO, which was issued without the Court having personal jurisdiction over HzSane. As a starting matter, HzSane could not identify any case to support its argument that the Declaration should be excluded. (Dkt. 44 at 3–4). But even if that were the law, the TRO was not "improperly" issued. As previously explained, the allegations in the Complaint were sufficient on their own to establish a *prima facie* case for personal jurisdiction. The allegations were sufficient then and are sufficient now. The Court can, therefore, consider the additional information presented in Middleton's Declaration [41-1], though it is unnecessary to resolve this motion.

Middleton has sufficiently shown that HzSane sold the allegedly infringing product to Illinois residents and Middleton's claim arises from that contact with the forum state. That is enough to satisfy the minimum contacts standard.

## II.    HzSane's Burden

Because Middleton met its burden by showing a *prima facie* case for the first two prongs, the burden shifts HzSane to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *M-I Drilling Fluids*, 890 F.3d at 1000 (quoting *Burger King Corp.*, 471 U.S. at 477). The third prong is limited only to the "rare situation" when the plaintiff and the forum state's interests are "so attenuated that they are clearly outweighed" by the defendant's burden of litigating in the forum. *Nuance Commc'ns*, 626 F.3d at 1231. In this analysis, the Court considers five factors: "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies." *M-I Drilling Fluids*, 890 F.3d at 1002.

Application of the five factors establishes that exercising personal jurisdiction in this case is reasonable and fair. Starting with the first factor, the burden on HzSane is significant in that HzSane will be required to travel long distances from China to the Northern District of Illinois and subject itself to a foreign judicial system. *See M-I Drilling Fluids*, 890 F.3d at 1002. But this burden is lessened by "progress in communications and transportation." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980). Therefore, it is insufficient to undermine the Court's jurisdiction.

As for the second factor, Illinois has a two-fold interest in supplying a forum for this litigation. First, Illinois has an interest in discouraging injuries that occur within the state, including those arising under patent infringement. *See Beverly Hills Fan*, 21 F.3d at 1568. And second, Illinois has an interest in sparing the other states, in which HzSane has allegedly infringed on Middleton's patents, the burden of litigating these claims. *Id.* Moreover, with respect to the third factor, Middleton has an interest in obtaining relief in Illinois from injuries allegedly incurred here. *See id.* at 1468–69.

The fourth and fifth factors also weigh in favor of exercising jurisdiction. The states have an interest in providing one forum for all injuries caused by alleged violations of the Patent Act to aid in the administration of justice. *See id.* at 1568. The record before this Court only alleges that HzSane sold products in the United States generally and Illinois specifically. HzSane has not suggested another forum that would be more appropriate nor expressly denied that HzSane sold the allegedly infringing product in Illinois. (*see generally* Dkt. 34; Dkt. 44). Exercising jurisdiction in Illinois allows a forum for Middleton's claim when there is no guarantee of another.

On balance, this is not a rare case where considerations of fair play and substantial justice outweigh the reasonableness of exercising jurisdiction over a defendant who has sufficient

10

minimum contacts with the forum state. HzSane has not met its burden. Therefore, this Court can exercise personal jurisdiction over HzSane.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss [34] is denied without prejudice.

Virginia M. Kendall

United States District Judge

Date: February 17, 2025

11